UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**STACEY J. SEXTON**,             Civil Case No. 3:13-CV-02293-KI

        Plaintiff,

                                                     OPINION AND ORDER

             v.

**CAROLYN W. COLVIN**,
Acting Commissioner of Social Security,

        Defendant.

       Merrill Schneider
       Schneider Kerr & Gibney Law Offices
       PO Box 14490
       Portland, OR 97293

            Attorney for Plaintiff

       S. Amanda Marshall
       United States Attorney
       District of Oregon

Ronald K. Silver
United States Attorneys Office
1000 SW Third Ave., Suite 600
Portland, OR 97204-2902

Jeffrey E. Staples
Office of General Counsel
Social Security Administration
701 5th Avenue, Suite 2900
Seattle, WA 98104

        Attorneys for Defendant

KING, Judge:

Plaintiff Stacey Sexton brings this action pursuant to section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), to obtain judicial review of the Commissioner's decision denying plaintiff's second application for disability insurance benefits ("DIB"). The Commissioner filed a Motion to Dismiss [13] because Sexton did not obtain a final decision after a hearing, as required for judicial review under the Social Security Act. For the reasons below, I grant the motion.

## PROCEDURAL BACKGROUND

Sexton's insured status for DIB expired on December 31, 1996. She filed for DIB the first time on December 15, 1997. The application was denied initially on April 3, 1998 and on reconsideration on June 10, 1998. Sexton did not appeal.

Sexton filed a second application for DIB on June 4, 2010, which was denied initially on July 19, 2010 and on reconsideration on September 18, 2010. Both notices explain Sexton did not qualify for benefits because the second application concerned the same issues decided when

her earlier claim was denied, and she did not provide any information to show there was a change in her health before December 1996.

Sexton's counsel filed a request for a hearing on September 30, 2010. Sexton and counsel appeared at a hearing on January 20, 2012. Sexton's prior file was purged except for a psychodiagnostic evaluation conducted by Jane Starbird, Ph.D., which was received by DDS on March 25, 1998. At the 2012 hearing, Sexton submitted reports from four different examiners and three treatment providers. The ALJ found the evidence immaterial. The bulk of the records were from well after her date last insured. Records from Western Internal Medicine of treatment prior to Sexton's date last insured were for transient physical conditions with no evidence they lasted at a severe level for twelve continuous months. Sexton also provided treatment records from Pamela Daniels, Psy.D., dated February 8, 1998. The ALJ compared the records from the two psychologists and observed that Dr. Starbird did not provide an opinion on Sexton's employability but Dr. Daniels opined Sexton "could probably complete work tasks with training and support." Weigel Decl. Ex. 3A, at 6. Both psychologists diagnosed Sexton with posttraumatic stress disorder, major depression, extreme anxiety, and drug problems. Dr. Daniels also diagnosed Sexton with probable attention deficit hyperactivity disorder. The ALJ concluded the findings and opinions made by Dr. Daniels were consistent with those made by Dr. Starbird, making Dr. Daniels' notes cumulative and not material.

On January 26, 2012, the ALJ issued a Notice and Order dismissing Sexton's request for hearing. The ALJ gave res judicata effect to the June 10, 1998 reconsideration of the denial of the first application of DIB because Sexton did not provide new and material evidence relating to her alleged disability with an onset date before December 31, 1996.

Page 3 - OPINION AND ORDER

Sexton sought Appeals Council review of the ALJ's dismissal on February 25, 2013. On October 22, 2013, the Appeals Council dismissed her request for a hearing. It explained there was no basis in the regulations to reopen the prior determination because Sexton did not provide any new and material evidence on the issue of disability. The Appeals Council concluded the ALJ should have dismissed Sexton's request for a hearing based on the doctrine of res judicata; the January 26, 2012 decision of the ALJ had no effect; and the determination dated June 10, 1998 stands as the final decision of the Commissioner.

Sexton then filed her Complaint with this court.

## DISCUSSION

I.   Res Judicata

The Commissioner argues I should dismiss Sexton's Complaint because the Appeals Council dismissed her hearing request on the grounds of res judicata. In the Commissioner's view, she did not obtain a final decision after a hearing and is not entitled to judicial review.

Judicial review of claims arising under Title II or Title XVI of the Social Security Act is authorized and limited by 42 U.S.C. § 405(g). Section 405(g) "'clearly limits judicial review to a particular type of agency action, *a final decision* of the Secretary made *after a hearing*.'" Subia v. Comm'r of Social Sec., 264 F.3d 899, 902 (9th Cir. 2001) (quoting Califano v. Sanders, 430 U.S. 99, 108, 97 S. Ct. 980 (1977)). The dismissal of the request for a hearing, as in Sexton's situation, is not an ALJ's final decision after a hearing. See id. (ALJ dismissed request for hearing after claimant and counsel failed to appear without good cause; no hearing and no final decision occurred). Thus, the Commissioner never made a final decision and Sexton failed to exhaust her administrative remedies.

Sexton contends the court has jurisdiction to determine if the ALJ properly applied res judicata principles in dismissing a claimant's request for a hearing.  Because the agency purged most of Sexton's prior application file, she claims the ALJ could not establish what she presented in the prior application, making everything now presented new and material evidence.  Sexton contends an ALJ would have to consider the non-severe impairments in the Western Internal Medicine records and Dr. Daniels' limitations in assessing her residual functional capacity.

Res judicata principles apply to administrative decisions, including Social Security opinions, but the doctrine is applied less rigidly than to judicial proceedings.  Chavez v. Bowen, 844 F.2d 691, 693 (9th Cir. 1988).  Under Chavez, a claimant "must prove changed circumstances indicating a greater disability" to "overcome the presumption of continuing nondisability arising from the first administrative law judge's findings of nondisability."  Id.  The presumption does not apply "where the claimant raises a new issue, such as the existence of an impairment not considered in the previous application."  Vasquez v. Astrue, 572 F.3d 586, 597 (9th Cir. 2009) (internal quotation omitted).  Moreover, if a claimant was not represented in the original claim, "the rigid application of res judicata would be undesirable."  Gregory v. Bowen, 844 F.2d 664, 666 (9th Cir. 1988).

Sexton relies on the discussion of exceptions to the res judicata rules in Krumpelman v. Heckler, 767 F.2d 586 (9th Cir. 1985), to argue this court has jurisdiction to determine if the Commissioner correctly applied res judicata.  Krumpelman first held that if the record is so "patently inadequate" to support the ALJ's findings, "application of res judicata is tantamount to a denial of due process."  Id. at 588 (internal quotation omitted).

Here, the record was extremely slim, but it did contain Dr. Starbird's evaluation. Thus, the ALJ could compare it to Dr. Daniels' opinion and determine the consistency between the two. None of the other new materials Sexton submitted have information on which to base a finding of disability. I do not find the record so inadequate it denied Sexton due process.

Krumpelman then followed the Fourth Circuit's precedent for reviewing the Commissioner's dismissal of a claim because of res judicata. First, the court should determine if the precluded claim is the same as the claim previously adjudicated. Second, the court should determine if the Commissioner re-opened the earlier claim when considering the res judicata determination. If not, the court does not have jurisdiction to review the res judicata determination. Id. at 588. Moreover, "where the discussion of the merits is followed by a specific conclusion that the claim is denied on res judicata grounds, the decision should not be interpreted as re-opening the claim and is therefore not reviewable." Id. at 589.

Here, both of Sexton's claims are the same. Although she alleged an earlier disability date in her second application than in her first, in both applications she had to establish disability prior to her date last insured of December 31, 1996 to be entitled to benefits.

Turning to the second part of the analysis, the ALJ discussed the merits and then expressly stated res judicata applied to bar Sexton's second claim. Thus, I cannot interpret his decision as re-opening the claim. This court does not have jurisdiction to review the Commissioner's finding of res judicata unless Sexton has a colorable constitutional claim.

II.      Constitutional Claim

The Commissioner alternatively argues Sexton failed to establish a colorable constitutional claim which would give this court jurisdiction to review the Commissioner's finding of res judicata.

Sexton disagrees–her main complaint of a constitutional violation is that she was not represented when she filed the first application now being given preclusive effect.

The court may waive a failure to exhaust administrative remedies and grant judicial review if the claimant asserts a colorable constitutional claim. Subia, 264 F.3d at 902. This exception "applies to any colorable constitutional claim of due process violation that implicate[s] a due process right [either] to a meaningful opportunity to be heard or to seek reconsideration of an adverse benefits determination." Evans v. Chater, 110 F.3d 1480, 1483 (9th Cir. 1997) (internal quotations omitted).

Although Sexton was unrepresented when her first application was denied, there is no evidence her mental impairments were significant enough to deny her a meaningful opportunity to be heard, or to continue the appeal process, or to seek counsel  She sought reconsideration without the benefit of counsel.  I find she has not asserted a colorable constitutional claim of a due process violation.  Consequently, this court does not have jurisdiction to review the Commissioner's finding of res judicata.

///


///

Page 7 - OPINION AND ORDER

## CONCLUSION

The Commissioner's Motion to Dismiss [13] is granted. This action is dismissed with prejudice.

IT IS SO ORDERED.

Dated this    14th    day of August, 2014.

                                              /s/ Garr M. King
                                              Garr M. King
                                              United States District Judge